# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

IN RE: POE FINANCIAL GROUP, INC.;
POE INS. MGRS. LLC; POE & ASSOC.,
LLC; and MARIAH CLAIMS SVCS., LLC
(Jt. Admin)

FLORIDA DEPARTMENT OF FINANCIAL
SERVICES,

    Appellant,

v.                                                         Case No. 8:08-cv-1369-T-30EAJ

POE FINANCIAL GROUP, INC.; POE
INSURANCE MANAGERS, LLC; POE &
ASSOCIATES, LLC; MARIAH CLAIMS
SVCS., LLC,

    Appellees.
_____/

## ORDER

The Florida Department of Financial Services, as Receiver in liquidation ("DFS"), appeals the February 27, 2008 Order ("Order") of the Bankruptcy Court denying its objection to the Amended Plan ("Amended Plan") of Debtor, Poe & Associates, LLC ("PAA"). Normally the appeal of the denial of an objection is not a final Order. In this case, DFS argues that the Order is final because the approval of the Amended Plan includes implementation provisions forbidden under law. Particularly, DFS claims that the Bankruptcy Court ruled that the Bankruptcy Code "trumps" the provisions of the insurance regulation framework of the Florida Statutes.

DFS claims that the Debtor held premiums and unearned commissions in a fiduciary capacity for the companies in liquidation for which it is the Receiver. Florida Statute 631.155 has specific requirements concerning funds held on behalf of an insurer. DFS claims that the Bankruptcy Court ruled that the Bankruptcy Code, upon discharge of a debt, would prevent the cancellation of the debtor's license. After the Court denied its objection, DFS entered into a stipulation with PAA for certain modifications to the Plan and agreed to its confirmation without waiving the issues raised in this appeal. On December 8, 2008, the Bankruptcy Court confirmed the Amended Plan as modified by the parties' stipulation ("Confirmed Plan"). DFS contends, however, that both the Amended Plan and the Confirmed Plan provide for the debtor's continued licensure without regard to whether the debtor complies with Florida Statute 631.155.[1]

From a review of the record, the Court determines that Appellant is ascribing to the Bankruptcy Court rulings it has not yet made. For example, Appellant is concerned about its claim that PAA has misappropriated funds held in a fiduciary capacity. This claim has not yet been addressed squarely in the Bankruptcy Court. A bankruptcy court has jurisdiction to determine what assets belong to the debtor and the character of those assets, i.e. whether an asset is held in a fiduciary capacity for another.

If a bankruptcy court were to determine that a debtor held funds in a fiduciary capacity and, in fact, misappropriated those funds, that would constitute fraud and the debt would be non-dischargeable. Further, a bankruptcy court could not interfere with the manner in which the Florida Statutes treat a misappropriation of funds. But this case has not yet reached that

---

[1] Appellant's Reply Brief, p. 3.

point. The Bankruptcy Court has not yet faced the issue as to whether there was indeed a misappropriation. And, contrary to the claims of Appellant, the Bankruptcy Court has not yet ruled that the Florida Insurance Commissioner could not cancel a license for the misappropriation of funds.

For this reason, the Court deems this appeal to be premature. It will REMAND this case to the Bankruptcy Court for further proceedings. In particular, if either party requests a determination of whether funds held in a fiduciary capacity were misappropriated, an evidentiary hearing should be held to determine the nature and amount of funds held by the debtor for the companies in receivership, whether the funds were held in a fiduciary capacity, and whether any funds were misappropriated. Prior to any such hearing, DFS is entitled to receive an accounting from the debtor concerning these funds.

It is therefore ORDERED AND ADJUDGED that:

1. This matter is hereby REMANDED to the Bankruptcy Court for proceedings in conformance with this Order.

2. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida on March 31, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record
The Honorable Catherine Peek McEwen
    Re: Bankruptcy Court case numbers:
    8:06-bk-04288, 8:06-bk-04292; 8:06-bk-04294; 8:06-bk-04296 Jointly Administered

F:\Docs\2008\08-cv-1359.bk order.frm